[Civ. No. 1996. Second Appellate District.—July 29, 1916.]

## F. A. BRODE et al., Appellants, v. S. A. D. CLARK, Respondent.

APPEAL—GENERAL ORDER GRANTING NEW TRIAL—CONFLICTING EVIDENCE. Where the evidence is conflicting as to material matters, an order granting a new trial will be affirmed on appeal, notwithstanding the written order of court contains a statement of what purports to be the reasons influencing the court in granting the motion, where the order is such as to require it to be treated as a general one, the court not having expressly limited it to definite grounds, and the grounds of motion having included the one of the insufficiency of the evidence.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

P. W. Thomson, for Appellants.

Hammack & Hammack, for Respondent.

JAMES, J.—This appeal is taken from an order granting to the defendant a new trial. The notice of appeal specifies that the appeal was taken from an order entered on the eleventh day of September, 1913. There appears not to have been any formal minute order entered, but the court filed a written order which, after directing that a new trial be granted, set out certain argument, evidently the opinion of the court, upon one question of law involved in the case. The motion for a new trial was made upon various grounds, including that of the insufficiency of the evidence to sustain the findings of the court. It appears that there was contradictory evidence as to certain issues presented. Notwithstanding

that the written order of court contains a statement of what purports to be the reasons influencing the court in granting the motion, we think the order must be treated as a general one, and that it must be assumed in that case that the court, not having expressly limited its order to other definite grounds, may have granted the motion because of the insufficiency of the evidence. The evidence presenting a conflict as to material matters, this court has no function to review the action of the trial judge.

The ground might also be urged, although we find no suggestion of it here on behalf of respondent, that the notice of appeal does not on its face, by specifying the eleventh day of September, 1913, as the date of the entry of the order granting a new trial, point to the order as shown by the record which appears to have been filed on October 20, 1913. However, for the reasons first stated, the order should be affirmed.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.